**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LOCAL 109 RETIREMENT FUND;
GEORGE PAPAGEORGE, Trustee,
*Plaintiffs-Appellants,*

v.

FIRST UNION NATIONAL BANK,
*Defendant-Appellee.*

No. 02-1216

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-01-1155)

Argued: December 3, 2002

Decided: January 23, 2003

Before MICHAEL and GREGORY, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Joseph Semo, FEDER, SEMO, CLARK & BARD, P.C.,
Washington, D.C., for Appellants. Rebecca Everett Kuehn, LECLAIR
RYAN, Alexandria, Virginia, for Appellee. **ON BRIEF:** Terence G.
Craig, Michael I. Baird, FEDER, SEMO, CLARK & BARD, P.C.,
Washington, D.C., for Appellants. Grady C. Frank, Jr., Jerry L. Hall,
LECLAIR RYAN, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

A retirement fund and its trustee sue a bank under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., and state law to recover on a certificate of deposit. We agree with the district court that this action is not authorized by ERISA because the relief sought is legal, not equitable. We therefore affirm the dismissal.

I.

Local 109 Retirement Fund (the Retirement Fund) and Local 109 Welfare Fund (the Welfare Fund) are plans covered by ERISA. In the 1970s the Welfare Fund purchased a certificate of deposit from a bank that is now owned by First Union National Bank (First Union). Under its terms the certificate would be rolled over until surrendered.

In the late 1980s administrators of both funds embezzled money from the funds and destroyed documents that would have left a paper trail of their wrongdoing. These administrators were ultimately removed, the two plans were merged, and the Retirement Fund became the surviving plan. George Papageorge was appointed as the new trustee for the Retirement Fund, and one of his tasks was to marshall the assets of the original funds. He discovered in an abandoned safe deposit box the original certificate of deposit that had been purchased by the Welfare Fund. He attempted to redeem the certificate, but First Union denies that it owes any money on the certificate. First Union relies in part on New Jersey law, which creates a rebuttable presumption that after fifteen years a bank has paid off an account. *See* N.J. Stat. Ann. §§ 17:16W-2 & 17:16W-4. The Retirement Fund and Papageorge (together, "Papageorge") brought this action against First Union in the U.S. District Court for the Eastern District of Virginia. Papageorge asserts a claim under ERISA, seeking to recover

monies owed under the certificate of deposit and requesting an accounting, restitution, and disgorgement. He also seeks damages under New Jersey state law. The district court dismissed the action, holding that it lacked jurisdiction under ERISA and declining to exercise supplemental jurisdiction over the state law claim. Papageorge appeals.

## II.

Papageorge must seek equitable relief for the district court to have jurisdiction. ERISA authorizes a federal action "by a [plan] participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3). The use of the limiting phrase "other appropriate equitable relief" allows an action in district court only when the relief sought falls within the "categories of relief that were *typically* available in equity." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (internal quotation marks omitted). A plaintiff's decision to label his claim as one seeking traditional forms of equitable relief is not dispositive. *See id.* at 210-18 (concluding that the plaintiffs were seeking legal relief, despite their characterization of their suit as one for an injunction and restitution). Our inquiry must focus on "'the basis for [the plaintiff's] claim' and the nature of the underlying remedies sought." *Id.* at 213 (alteration in original) (quoting *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir. 1994)). *See also Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 450 (5th Cir. 2002) (Weiner, J., dissenting).

Here, the basis for Papageorge's claim is a simple breach of contract — a legal claim. Banks have legal title to the funds deposited with them and are free to loan, reinvest, and commingle those funds. *See Santee Timber Corp. v. Elliott*, 70 F.2d 179, 181 (4th Cir. 1934). As a general rule, banks are considered to be in debtor-creditor relationships with their depositors. *See Beane v. First Nat'l Bank & Trust Co.*, 92 F.2d 382, 384 (4th Cir. 1937). A bank's agreement in a certificate of deposit or other instrument to repay a specified amount of money (plus interest) is quintessentially a legal agreement.

Papageorge's effort to categorize his lawsuit as one seeking equitable remedies does not work. Thus, his argument that the money deposited belonged to a trust does not, without more, convert the deposit itself into a trust or place the special responsibilities of a trustee on the bank. *See Santee*, 70 F.2d at 181-83. Moreover, Papageorge does not point to any wrongdoing by the bank that would permit a court to impose a constructive trust. *Cf.* Restatement of Restitution, § 160 (discussing constructive trusts). Because no trust or trust relationship flows from the certificate of deposit, the traditional equitable remedies to protect a trust, such as accounting, restitution, and disgorgement, are not available here. Finally, Papageorge's apparent inability to overcome the state law presumption (assuming the presumption applies) that certificates of deposit of a certain age have been paid does not convert his legal claim into an equitable one. The fact that a legal claim might face impediments to its proof does not mean there is an inadequate remedy at law.

Finally, because the district court properly dismissed Papageorge's federal claim, the court did not abuse its discretion in dismissing his related state law claim without prejudice. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 203 (4th Cir. 1997).

The judgment of the district court is

*AFFIRMED.*